74 429
175s 432

## Jacob Doppelt v. National Bank of the Republic.

1. BANKS AND BANKING—*Checks Deposited as Cash.*—Where checks are indorsed and deposited in a bank as cash they become the property of the bank, and the depositor can not follow them or their proceeds into the hands of a third person, who receives them in good faith in the usual course of business.

2. NEGOTIABLE INSTRUMENTS—*Indorsements "for Collection."*—An indorsement "for collection to the credit of * * *" is not a restrictive indorsement, and its effect is precisely the same as that of a blank indorsement.

**Assumpsit,** against an indorser of a check. Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed March 3, 1898.

DANIEL M. ROTHSCHILD, attorney for appellant; BLUM & BLUM, of counsel.

A negotiable promissory note indorsed by the payee and deposited " for collection " in his bank, and by his bank sent to another bank for collection, does not create by lien or otherwise any title in the latter bank to the note or the proceeds as against the payee, though the former bank fails before the maturity of the note, owing the latter a large balance. Van Namee v. President, etc., of Bank of Troy, 5 How. Prac. Rep. 161; Sweeny v. Easter, 1 Wall. 166.

Where a bank in one city, as the agent to transmit, sends the draft or note of a third party to a bank in another city for collection, the collecting bank can not, on failure of its correspondent, without having made advances or given new credits on the faith of the draft or note, credit the proceeds of the draft or note to its account, but is liable to the owner of the draft or note therefor. Hackett v. Reynolds, 114 Pa. St. 328.

" It is not unusual for bankers to credit their correspondents or customers with the amount of paper of a certain character at the time of its receipt for collection, but such credits are provisional only, being made in anticipation that the paper will be promptly paid, and with the right to cancel the credit if the paper is dishonored." Levi v. Nat. Bank of Mo., 5 Dill. C. C. Rep. 104; Evansville Bank v. German Am. Bank, 155 U. S. 556.

If a deposit of a check is immediately entered by a bank to the credit of the depositor in a pass-book, this is a mere matter of convenience, and independently of a special agreement to that effect, or of a custom equivalent thereto, does not make the bank a debtor for the amount of the check. Beal v. City of Somerville, 5 U. S. App. 14; McLeod v. Evans, 66 Wis. 401; Miller v. Farmers' & Mech. Bank, 30 Md. 392; Lawrence v. Stonington Bank, 6 Conn. 521.

Doppelt v. Nat. Bank of the Republic.

Nearly all the questions of law applicable to this case have been expressly considered by the United States Supreme Court in the case of St. Louis & S. F. R. R. Co. v. Johnston, 133 U. S. 566.   In that case the following propositions of law have been announced as settled:

That the deposit of checks in a bank does not absolutely vest title thereto in the bank, unless by positive contract or express understanding.

That such understanding is not established by the entry in the pass-book, and that the bank's ownership is negatived by the fact that if the check is not paid the bank can cancel the credit.

That even allowing the customer to overdraw or draw against the checks deposited gives no title to the bank in the checks, it being merely a permission by the bank to good customers to overdraw.   That no suit could have been brought by appellant against Kopperl for the proceeds of the checks until they had been collected, notwithstanding any credit that may have been given, can not be doubted. 2 Morse on Banks and Banking, 583–584; Levi v. National Bank of Mo., 5 Dillon, 104; First Nat. Bank of Crown Point v. First Nat. Bank of Richmond, 76 Ind. 561; Scott v. Ocean Bank in City of New York, 23 N. Y. 289.

The giving of credit on the pass-book did not make Kopperl responsible for the checks.   It was merely a credit for accommodation and convenience until the checks were paid. Manufacturers' Nat. Bank v. Continental Bank, 148 Mass. 553; Levi v. National Bank of Mo., 5 Dillon, 104; St. Louis & S. F. R. R. Co. v. Johnston, 133 U. S. 566.

FRANK O. LOWDEN, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

Appellant was plaintiff and appellee defendant in the trial court.   The declaration contains two special counts and the common counts.   The defendant, appellee, pleaded the general issue.   The cause was tried by the court without a jury,

and judgment was rendered for appellee. The first special count avers, in substance, that February 10, 1896, appellant deposited for collection, with one J. L. Kopperl, a banker doing business in the name of Kopperl & Co., a check drawn by one D. Kaplan, in favor of appellant, on the Bowery Bank of New York, for the sum of $762.48, which check Kopperl received as a deposit for collection, and that appellant was not indebted to Kopperl; that Kopperl received said check well knowing that he was insolvent and about to fail; that he was then doing business with appellee, through which he cleared, and deposited the check about the date last mentioned with appellee, for collection and credit; that February 14, 1896, the check was paid and the proceeds turned over to appellee, and that on the same day Kopperl made a voluntary assignment in the County Court for the benefit of creditors, and suspended business, etc.

The second count is substantially the same as the first, except that it relates to another check for the sum of $750, deposited by appellant with Kopperl and by the latter with appellee, as aforesaid.

Both checks were put in evidence by appellant. The check for $767.48 is dated February 8, 1896, and is drawn on the Bowery Bank of New York, to the order of appellant. It is indorsed as follows, and in the following order: "Jacob Doppelt," in blank. "For collection to the credit of Kopperl & Co." "For collection and return to Nat'l Bank of the Republic, Chicago." "W. F. Fenton, Cashier."

The check for $750 is dated February 9, 1896, is drawn on the Citizens National Bank, to the order of appellant, and is indorsed as follows, and in the following order: "Jacob Doppelt," in blank. "For collection to the credit of Kopperl & Co." "For collection for account of the National Park Bank of N. Y. Pay to the order of Central National Bank, Worcester, Mass." "Geo. S. Hickok, Cashier." "For collection and return to National Bank of the Republic, Chicago." "W. F. Fenton, Cashier." "Pay only through clearing house. February 14, 1896. The Central National Bank, Worcester, Mass."

Before depositing the checks with Kopperl appellant drew from Kopperl $200, and appellant says Kopperl's cashier told him it would be all right.

February 14, 1896, Kopperl, being then insolvent, made a voluntary assignment for the benefit of his creditors. His bank books, introduced in evidence by appellant, showed that at the date of the assignment there was a balance of $1,017.58 due from him to appellant, and April 22, 1896, appellant filed in the County Court a claim against Kopperl, insolvent, for that balance, verified by appellant's affidavit. February 2, 1897, appellant commenced the present suit against appellee. Appellant bases his claim on the following proposition : First, that he deposited the checks with Kopperl solely for collection. Secondly, that Kopperl deposited the checks with appellee solely for collection. Thirdly, that appellee is not a *bona fide* holder for value; that Kopperl was not indebted to appellee at the time it received the checks from Kopperl.

There is no evidence of any agreement between appellee and Kopperl other than that indicated by the indorsement and deposit of the checks with Kopperl and the subsequent conduct of appellee and Kopperl.

Appellant indorsed the checks in blank to Kopperl, and Kopperl testified that appellant was given credit for them on Kopperl & Co.'s books. The bank books of Kopperl & Co. were introduced in evidence by appellant, and show that the appellant had a bank account with Kopperl & Co., and that the checks in question were credited it as cash to appellant's account. This account shows that between February 4th and 17th (both inclusive), 1896, balances of the account were struck three several times. The checks having been indorsed in blank by appellant and credited to him on the books of Kopperl & Co. as cash, became the property of the latter, and could legally be transferred by Kopperl & Co. to appellee or any other *bona fide* creditor. Hoffman v. First Nat. Bank of Jersey City, 46 N. J. L. 604; Metropolitan Nat. Bank v. Loyd, 90 N. Y. 530; In re President, etc., of the Franklin Bank, 1 Paige,

249; Bank of Republic v. Millard, 10 Wall. 152; 2 Morse on Banks and Banking, 3d Ed., Sec. 570, 574, *et seq.*

There was ample evidence to warrant the trial court in finding that appellant drew on Kopperl & Co. against the checks. Appellant testified that he drew from Kopperl & Co. $200 before depositing the checks; that the cashier told him " that would be all right," and that when he deposited the checks " he took off my account what I drew two days before." This clearly indicates that his draft for $200, two days before he deposited the checks, was an overdraft, and that when he deposited the checks and they were credited to him, the amount so credited was the only credit he had with Kopperl & Co. Between the dates of depositing the checks, February 10 and 11, 1896, and February 14, 1896, it does not appear, nor does appellant claim, that he made any deposit with Kopperl & Co., yet the balance due him at the last mentioned date, as shown by Kopperl & Co.'s books, which he introduced in evidence, was only $1,017.58. This he has recognized as the true balance by filing a sworn claim for it in the County Court, in the matter of Kopperl's assignment. The conclusion is irresistible that between the time of depositing the checks and February 14, 1896, he drew against the checks to the amount of $299.90. He had drawn, before depositing the checks, $200; $200 plus $299.90 plus $1,017.58 equals $1,517.48, the amount of the two checks. The checks having been credited by Kopperl & Co. to appellee as cash, and he having drawn against such credit, he can not follow the paper or its proceeds into the hands of third parties, who received it in good faith in the usual course of business. 2 Morse on Banks, etc., 574, 575.

Appellant's contention that Kopperl & Co. deposited the checks with appellee merely for collection is untenable. The indorsement on each check was, " For collection to the credit of Kopperl & Co." This is not a restrictive indorsement. Its effect is precisely the same as would be a blank indorsement. In the case of a deposit in a bank, by a cus-

tomer of the bank, of a check on another bank, indorsed in blank by the customer, it is the duty of the bank receiving the check to use reasonable diligence to collect it, if the drawee is responsible, and place the proceeds to the credit of the depositor.   This is the well known usage of banks; and the indorsement in question does not otherwise direct.   The bank receiving the check may, although not bound so to do, credit the customer with the check on receiving it, and the evidence shows that appellee credited the checks in question to Kopperl & Co. the day they received them, which seems to have been about February 11, 1896.   The plaintiff alleged, and it was incumbent on him to prove, that Kopperl was not indebted to appellee when he deposited the checks with appellee.   For this purpose appellee called as a witness William T. Fenton, appellee's cashier, who testified that Kopperl had an account with appellee; that his account was over-drawn; that as a matter of fact the amount of the checks had been drawn by him in advance, and that on February 14, 1896, when Kopperl failed, there was no balance to his credit in the appellee bank.   There is absolutely no evidence reflecting on the good faith of appellee in its receiving the checks on deposit from Kopperl, and in such case, the fact that Kopperl made an assignment shortly after depositing the checks with appellee is immaterial.   Hoffman v. First Nat. Bank of Jersey City, *supra*.

When the appellee gave credit on its books to Kopperl for the amount of the checks, the transaction, as between appellee and Kopperl, was closed, except in the event that the paper should prove to be not genuine, which did not occur.   The giving credit was practically and legally the same as paying the money to the depositor and receiving the cash again on deposit.   2 Morse on Banks, etc., Sec. 569 and cases cited.

Such being the law, the relation of debtor and creditor was established between Kopperl and appellee as to the amount of the checks (Marine Bank v. Rushmore et al., 28 Ill. 471), and the bank had undoubted right to apply the amount of the checks to any then existing indebtedness

of appellant to the bank, precisely as if the deposit had been cash.

We find no reversible error in the record; the judgment will be affirmed.